**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Esperanza Higuera, | : | |
| 2859 Duvall Lane | : | |
| Columbus, Ohio 43207 | : | Civil Action No. 2:16-cv-1149 |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | Magistrate Judge |
| | : | |
| First Coast Security Services, Inc. | : | **JURY DEMAND ENDORSED HEREON** |
| c/o InCorp Services, Inc. | : | |
| 9435 Waterstone Boulevard, Ste. 140 | : | |
| Cincinnati, Ohio 45249 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes Esperanza Higuera ("Plaintiff" or "Higuera") and proffers this Complaint for damages against First Coast Security Services, Inc. ("Defendant" or "FCSS") as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("OMFWSA"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and

Defendant has done substantial business in the Southern District of Ohio and maintains offices in the Southern District of Ohio.

## II. PARTIES

4. Plaintiff, Esperanza Higuera ("Plaintiff" or "Higuera"), is an individual, a United States Citizen, and a resident of the State of Ohio.

5. At all times relevant herein, Higuera was an employee of Defendant as defined in the FLSA, the OMFWSA, the OPPA, and Ohio Constitution Art. 2 §34a.

6. At all times relevant herein, Higuera was a covered, non-exempt employee of Defendant who, pursuant to Section 7 of the FLSA, was required to receive not less than one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours.

7. Defendant First Coast Security Services, Inc. ("Defendant" or "FCSS") is a foreign for-profit corporation with its headquarters in Jacksonville, Florida. Defendant FCSS provides security services, armed and unarmed security officers to clients throughout several states, including Ohio.

8. At all times relevant herein, Defendant has been an "employer" as that term is defined in the FLSA, the OMFWSA, the OPPA, and Ohio Constitution Art. 2 §34a.

9. Defendant FCSS conducts substantial business in the Southern District of Ohio and maintains offices in Franklin County, Ohio.

10. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it is legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio, as well as record keeping laws of the State of Ohio.

11. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

12. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages and/or did not properly maintain such records.

### III. FACTUAL BACKGROUND

#### A. Plaintiff's Unpaid Overtime

13. On or around November 30, 2015, Defendant hired Plaintiff as a full-time, non-exempt Human Resource Coordinator at Defendant's Columbus, Ohio office.

14. Defendant is a private security company which provides on-site security services, including security officers, at various sites.

15. As a Human Resource Coordinator, Plaintiff was responsible for handling clerical duties and providing support to Defendant's Human Resource Department.

16. When Plaintiff first began working for Defendant, she completed the first weekly timesheet and recorded her actual hours worked, which totaled more than forty (40).

17. Upon receiving the timesheet showing overtime hours worked, Plaintiff's supervisor, Randi Willard ("Randi"), told Plaintiff that she could not record that she worked more than 40 hours worked in a workweek because she would not be paid for more than 40 hours regardless of how many hours she actually worked. From that point forward, Randi completed Plaintiff's timesheets.

18. During the course of her employment, Plaintiff continued to regularly work in excess of forty (40) hours per workweek, but she was not paid at 1.5 times her regular rate for all hours worked over forty (40) because Defendant would only pay her for 40 hours worked per week.

19. In general, Plaintiff was required to report to Defendant's office no later than 8:00 am and to leave no earlier than 5:00 pm Monday through Friday. Nevertheless, her timesheets reflect that she worked 8:00 am to 4:00 pm Monday through Friday.

20. Plaintiff regularly arrived at Defendant's office and began working prior to the 8:00 am recorded start time, but she was not paid for any work performed prior to 8:00 am.

21. Even though Plaintiff was required to work at Defendant's office until at least 5:00 pm, her daily end time was recorded as 4:00 pm Monday through Friday, regardless of when she actually stopped working. At all times, Plaintiff was expected to work until at least 5:00 pm, but she also frequently worked later than 5:00 pm. Nonetheless, she was not paid for work outside of the recorded time. The minimum one hour discrepancy between Plaintiff's recorded end time and her actual end time was to account for a daily unpaid one (1) hour lunch which Plaintiff was told she would receive at the beginning of her employment.

22. Although Plaintiff was told that she would receive a one (1) hour unpaid lunch break each day, she was unable to take an uninterrupted one (1) hour meal break on nearly a daily basis.

23. In addition to Plaintiff's job duties completed at Defendant's office, Defendant required Plaintiff to use her personal cell phone in order to perform her job duties, including communicating with potential new hires and Defendant's employees.

24. Plaintiff was required to promptly respond to work matters at all times even when she was not at Defendant's office. Consequently, Plaintiff frequently received and responded to afterhours work-related matters while she was away from the office during the workweek and on weekends. Nevertheless, Plaintiff was not paid for her actual hours worked outside of the recorded timeframe - Monday through Friday from 8:00 am to 4:00 pm. Because of Defendant's

unlawful pay practices, Plaintiff has unpaid overtime wages for work performed outside of her recorded hours.

25. Defendant knew or should have known that Plaintiff continued to perform substantial duties for Defendant's benefit: (1) during her purported meal breaks; (2) outside of the times recorded on her timesheets, including before, after, and on weekends; and (3) when she was away from the office, but she was not paid for such hours worked as a result of Defendant's unlawful pay practices.

26. Throughout her employment, Plaintiff regularly worked in excess of 40 hours in a workweek, but Defendant did not pay her time and a half her regular rate for those hours worked over forty (40).

**B. Plaintiff's Discovery of Improper Pay Practices towards Other Employees.**

27. During her employment, Plaintiff also discovered that Defendant engaged in additional improper pay practices with other FCSS employees and that other company policy violations were frequently committed.

28. She repeatedly complained about her work conditions and the numerous policy violations she observed while working for Defendant.

29. Plaintiff's complaints were ignored and her supervisors began expressing hostility towards her for reporting company violations and complaining about the mistreatment she experienced.

30. In or around June of 2016, Plaintiff discovered that Defendant's managerial employees were intentionally improperly reducing the number of hours worked by FCSS security officers on their timesheets after the hours were worked in order to save on its labor costs.

31. Several FCSS security officers complained to Plaintiff when they received paychecks that were lower than the paychecks should have been because of missing hours worked during the pay period.

32. Because of the numerous complaints, Plaintiff discovered that after FCSS security officers completed their timesheets recording their actual hours worked, Defendant then "whited-out" and/or otherwise altered their timesheets to reflect less hours worked to save on labor costs. These timesheet alterations were made by Defendant's managerial employees without the FCSS security officers' knowledge or consent.

33. On or around August 2, 2016, Plaintiff traveled to Defendant's headquarters in Jacksonville, Florida for additional training.

34. While in Florida, Plaintiff reported the pay violations and improper reduction in officers' hours worked to Jamie Ostry ("Ms. Ostry"), Defendant's Director of Human Resources.

35. Plaintiff returned to Ohio on August 5, 2016 and returned to work on August 8, 2016.

36. Upon her return to Ohio from Florida, Plaintiff was immediately subjected to greater hostility in her work environment by her supervisors, Joe Morosco, Randi Willard, and Brad Wheeler.

37. Upon information or belief, Plaintiff's supervisors learned that she complained to corporate human resources about the altering of FCSS officers' timesheets.

38. After her return from Florida, Plaintiff's supervisors installed two "white noise" machines, including: (1) one between Joe Morosco and Randi Willard's offices; and (2) one outside of the conference room. Each day, Mr. Morosco turned on the white noise machines upon Plaintiff's arrival at the office.

39. Shortly more than one (1) month after notifying Ms. Ostry about Defendant's managerial employees altering officers' timesheets and improperly reducing their hours worked, Defendant presented Plaintiff with a Separation Agreement and Release proposing Plaintiff's resignation effective September 19, 2016. The proposed separation agreement included a severance payment in exchange for executing the release. At no point, did Plaintiff express an intent to resign from her employment. Consequently, Plaintiff refused to sign the agreement and did not agree to voluntarily resign or release her claims against Defendant.

40. When Plaintiff refused to sign the Separation Agreement and Release, Defendant terminated Plaintiff's employment effective September 19, 2016. Defendant terminated her employment for reporting its improper pay practices in violation of the FLSA, 29 U.S.C. §201, *et seq.*, the OMFWSA, O.R.C. Chapter 4111, and the Ohio Constitution.

### IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**FLSA –UNPAID OVERTIME**

41. All of the preceding paragraphs are realleged as if fully rewritten herein.

42. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

43. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

44. The FLSA requires that covered employees be compensated for every hour worked in a workweek. See 29 U.S.C. § 206(b).

45. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

46. Plaintiff was a covered employee entitled to the FLSA's protections.

47. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

48. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA. See 29 CFR § 541.301.

49. Defendant is a covered employer required to comply with the FLSA's mandates.

50. Defendant violated the FLSA with respect to Plaintiff by failing to pay Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

51. Defendant classified Plaintiff as a non-exempt, hourly employee at all times throughout her employment.

52. Defendant refused and failed to pay Plaintiff the overtime premium required by the FLSA throughout her employment.

53. Plaintiff routinely worked in excess of forty (40) hours per week.

54. Plaintiff should have been paid the overtime premium for hours worked in excess of forty (40) hours per week.

55. Defendant knew or should have known of the overtime payment requirement of the FLSA.

56. Plaintiff's classification as a non-exempt, hourly employee throughout her employment demonstrates Defendant knew or should have known it was required to pay Plaintiff overtime compensation.

57. Throughout her employment, Defendant has knowingly and willfully failed to pay Plaintiff the overtime wages she was due.

58. The job duties Plaintiff had in the years preceding the filing date of this Complaint did not exempt her from the overtime pay requirements, or any other requirement of the FLSA.

59. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

60. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## SECOND CAUSE OF ACTION
## O.R.C. 4111.03 – UNPAID OVERTIME

61. All of the preceding paragraphs are realleged as if fully rewritten herein

62. This claim is brought under Ohio Law.

63. The OMFWSA requires that covered employees be compensated for every hour worked in a workweek. See O.R.C. §§ 4111 et seq., See also, 29 U.S.C §206(b)

64. The OMFWSA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938. See O.R. C. § 4111.03 (A), See also, 29 U.S.C. § 207 (a)(1)

65. Plaintiff was a covered employee entitled to the OMFWSA's protections.

66. Plaintiff was not exempt from receiving OMFWSA overtime benefits because she was not an exempt "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. See O.R.C. 4111.03(A), See also 29 C.F.R. §§ 541.0, et seq.

67. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA. See 29 CFR §541.301

68. Defendant is a covered employer required to comply with the OMFWSA's mandates.

69. Defendant violated the OMFWSA by failing to compensate Plaintiff at the rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

70. In violating the OMFWSA, Defendant acted willfully and with reckless disregard of clearly applicable OMFWSA provisions.

71. For Defendant's violations of the OMFWSA, Plaintiff has suffered damages, Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## THIRD CAUSE OF ACTION
## R.C. 4113.15 —OPPA VIOLATION

72. All of the preceding paragraphs are realleged as if fully rewritten herein.

73. During relevant times, Defendant was covered by the OPPA and Plaintiff has been employed by Defendant within the meaning of the OPPA.

74. The OPPA requires Defendant to pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

75. During relevant times, Plaintiff was not paid all wages, including overtime wages at one and one-half times her regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

76. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

77. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## FOURTH CAUSE OF ACTION
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

78. All of the preceding paragraphs are realleged as if fully rewritten herein.

79. The OMFWSA requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

80. During all times material to this complaint, Defendant was a covered employer, and required to comply with the OMFWSA's mandates.

81. Plaintiff was a covered employee entitled to the protection of the OMFWSA.

82. During times material to this complaint, Defendant violated the OMFWSA with respect to Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek.

83. In violating the OMFWSA, Defendant acted willfully and with reckless disregard of clearly applicable OMFWSA's provisions.

## FIFTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE FLSA

84. All of the preceding paragraphs are realleged as if fully rewritten herein.

85. Plaintiff was discharged by Defendant on September 19, 2016 in retaliation for opposing and/or reporting Defendant's improper pay practices and making complaints regarding the same. When Plaintiff lodged the above-described complaints to Ms. Ostry, she was engaged in protected activity as defined by 29 U.S.C. § 215(a)(3).

86. Defendant then took numerous actions against her that were retaliatory in nature and a direct consequence of said complaints before ultimately terminating her employment.

87. It is a violation of the FLSA for an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted

or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding."

88. Plaintiff has been damaged by Defendant's willful violation of the FLSA such that she is entitled to compensation therefor, including liquidated damages and attorney's fees.

## SIXTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF OMFWSA

89. All of the preceding paragraphs are realleged as if fully rewritten herein.

90. It is also a violation of the OMFWSA for an employer to "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding."

91. When Plaintiff was retaliated against and discharged from her employment as provided in the foregoing paragraphs, Defendant engaged in "prohibited acts" as that term is defined by Ohio Revised Code § 4111.13.

92. Plaintiff has been damaged by Defendant's violations of the OMFWSA such that she is entitled to compensation therefor.

V. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests judgment against the Defendant for an Order:

A. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff is entitled to prove her hours worked with reasonable estimates;

B. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

C. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the OMFWSA;

D. Awarding Plaintiff damages as set forth in the OPPA;

E. Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

F. Awarding Plaintiff such other and further relief as the Court deems just and proper;

G. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and the OMFWSA;

H. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

I. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman